UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-cv-62394-WPD

AMY BETIT,
individually and on behalf of all
others similarly situated,                            CLASS ACTION

    Plaintiff,                                     JURY TRIAL DEMANDED

v.

WORLD TRAVEL HOLDINGS, INC,

    Defendant.
_____/

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff AMY BETIT ("Plaintiff") brings this class action against Defendant WORLD TRAVEL HOLDINGS, INC ("Defendant") and alleges upon personal knowledge, experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action under Florida's Electronic Mail Communications Act, Fla. Stat. §§ 668.601-668.610 ("FEMCA").

2. FEMCA "is intended to promote the integrity of electronic commerce and shall be construed liberally in order to protect the public and legitimate businesses from deceptive and unsolicited commercial electronic mail." Fla. Stat. § 668.601.

3. In pertinent part, FEMCA prohibits the transmission from a computer in Florida, or to an electronic mail address that is held by a resident of Florida, of any e-mail that contains false or misleading information in the subject line. See Fla. Stat. § 668.603(1)(c).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Spam e-mails, like the e-mail sent by Defendant discussed below, undermine the integrity of electronic commerce in Florida and throughout the United States.

5. As described below, Defendant caused thousands of misleading e-mails to be sent to Plaintiff and Class Members, causing them injuries, including lost productivity and resources, annoyance, consumption of valuable digital storage space and/or financial costs.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks liquidated damages individually and on behalf of the Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 668.606(4).

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks $500.00 in damages for each violation, which, when aggregated among a proposed class numbering in the tens of thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

10. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

11. Defendant is a foreign corporation with its principal place of business located at 100 Fordham Road, Building C, Wilmington MA 01887.

## THE FLORIDA ELECTRONIC MAIL COMMUNICATIONS ACT

12. In pertinent part, it is a violation of the FEMCA to: "Initiate or assist in the transmission of an unsolicited commercial electronic mail message from a computer located in this state or to an electronic mail address that is held by a resident of this state which … Contains false or misleading information in the subject line." Fla. Stat. § 668.603(1).

13. Per § 668.602(3): "Commercial electronic mail message" is "an electronic mail message sent to promote the sale or lease of, or investment in, property, goods, or services related to any trade or commerce...." Fla. Stat. § 668.602(3).

14. Per § 668.602(14): "Unsolicited commercial electronic mail message" is "any commercial electronic mail message that is not a transactional or relationship message and is sent to a recipient without the recipient's affirmative or implied consent." Fla. Stat. § 668.602(14).

15. A "prevailing plaintiff" in an action under FEMCA is entitled to, *inter alai*, **[1]** an injunction to enjoin future violations of s. 668.603; **[2]** compensatory damages equal to any actual damage proven by the plaintiff to have resulted from the initiation of the unsolicited commercial electronic mail message or liquidated damages of $500 for each unsolicited commercial electronic mail message that violates s. 668.603; and **[3]** attorney's fees and other litigation costs reasonably incurred in connection with the action. Fla. Stat. § 668.606(3).

16. FEMCA provides for a private right of action, allowing consumers like Plaintiff here to seek the relief outlined in section 668.606(3). Specifically, § 668.6075 states that "[a] violation of s. 668.603 shall be deemed an unfair and deceptive trade practice within the meaning

PAGE | **3** of **11**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of part II of chapter 501. In addition to any remedies or penalties set forth in that part, a violator shall be subject to the penalties and remedies provided for in this part." Fla. Stat. § 668.6075.

17. Thus, by incorporating Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201-.213, into FEMCA, the Florida Legislature provided consumers a civil remedy. Stated differently, the declaration by the Florida Legislature that a FEMCA violation is deemed an "unfair and deceptive trade practice" and thus "unlawful," triggers the private right of action afforded under FDUTPA.

18. This is further supported by the statute's reference to a "prevailing plaintiff" and the "plaintiff's attorney's fees and other litigation costs..." referenced under the section outlining the relief available to consumers like Plaintiff. *See* Fla. Stat. § 668.606(3).

19. Legislative history also supports the existence of a private right of action under FEMCA. The Preamble to the Senate Bill that enacted FEMCA stated the statute "…authorize[s] the department and persons receiving…unsolicited electronic mail to bring an action against persons transmitting that mail..." 2004 Fla. Sess. Law Serv. Cha. 2004-233 (S.B. 2574).

## FACTS

20. Plaintiff has never been on a cruise, nor has Plaintiff provided Defendant with Plaintiff's e-mail address. Plaintiff's e-mail address is "amyb8380@yahoo.com," and Plaintiff is the sole user of said e-mail address.

21. To solicit new customers, Defendant engages in spam e-mail marketing without any regard for the rights of the recipients of those e-mails.

22. On or about September 24, 2019, Plaintiff received an e-mail from Defendant with the following subject line: "**1-Day Exclusive Royal Sale! Up to $1,100 to Spend on Board + Hundreds in Discounts**." A copy of said e-mail ("Unsolicited E-mail") is attached as Exhibit "A."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23. The subject line of the Unsolicited E-mail claims that, pursuant to the purported "**1-Day Exclusive Royal Sale**" Plaintiff could enjoy *both* up to "**$1,100 to Spend on Board**" *and* "**Hundreds in Discounts**."

24. Prior to receiving the Unsolicited E-mail, Plaintiff did not purchase any products or services offered or sold by Defendant, Plaintiff did not inquire about any of the products or services offered or sold by Defendant, nor did Plaintiff have any prior or then-existing business relationship.

25. The e-mail address Defendant sent the Unsolicited E-mail *from* was "CruisesOnly@email.nlg.com." *See* Exhibit A.

26. The e-mail address Defendant sent the Unsolicited E-mail to was "amyb8380@yahoo.com." *See* Exhibit A.

27. Defendant did not have Plaintiff's affirmative or implied consent to send Plaintiff the Unsolicited E-mail.

28. The subject line of the Unsolicited E-mail induced Plaintiff to open and view the Unsolicited E-mail.

29. The following statement was contained inside the Unsolicited E-mail and otherwise could not be observed or read until the Unsolicited E-mail was opened: "**1,000 Cash Back**, or up to **$750 to Spend Onboard** or as an Amazon Gift Card.*" Exhibit A (emphasis original).

30. The subject line of the Unsolicited E-mail wrongfully misleads and deceives Plaintiff into believe that Plaintiff will enjoy *conjunctive* benefits, *i.e.*, "**$1,100 to Spend on Board**" *and* "**Hundreds and Discounts**;" however, the body of the Unsolicited E-mail limits Plaintiff to *disjunctive* benefits, *i.e.*, "$1,000 Cash Back" *or* "up to $750 to Spend Onboard."

31. Even further, and more obviously, the subject line of the Unsolicited E-mail claims

Plaintiff can enjoy "Up to $1,100 to Spend on Board," but inside the Unsolicited E-mail, Plaintiff was limited to "up to $750 to Spend Onboard." *See* Exhibit A.

32. Plaintiff wasted approximately 60 seconds reviewing the Unsolicited E-mail.

33. Prior to opening the Unsolicited E-mail, and in light of the fact that Plaintiff has not had any prior dealings with Defendant, the subject line of the Unsolicited E-mail caused Plaintiff to reasonably believe that Plaintiff could enjoy *conjunctive* benefits. Yet, upon opening and reviewing the content of the Unsolicited E-mail, it was revealed to Plaintiff that the subject line of the Unsolicited E-mail was false and otherwise misleading, as the body of the Unsolicited E-mail limits Plaintiff to *disjunctive* benefits. Even further, the body of the Unsolicited E-mail limits Plaintiff to "up to" $750 to spend onboard, rather than the "up to" $1,100 claimed by the Unsolicited E-mails subject line.

## CLASS ALLEGATIONS

34. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

### *PROPOSED CLASS*

35. Plaintiff brings this case on behalf of following Class: **[1]** All persons within Florida who **[2]** within the four years prior to the filing of this Complaint **[3]** were sent the same above-mentioned unsolicited commercial electronic mail message sent to Plaintiff **[4]** from Defendant or anyone on Defendant's behalf.

36. Defendant and its employees or agents are excluded from the Class.

37. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the tens of thousands, if not more.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *NUMEROSITY*

38. Defendant has sent unsolicited commercial electronic mail messages like the ones sent to Plaintiff to thousands of consumers. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## *COMMON QUESTIONS OF LAW AND FACT*

40. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant's e-mails constitute unsolicited commercial electronic mail messages; **[2]** Whether Defendant's e-mails contain false or misleading information in the subject line; **[3]** Whether Defendant is liable for damages, and the amount of such damages; and **[4]** Whether Defendant should be enjoined from such conduct in the future.

41. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unsolicited commercial electronic mail messages containing misleading subject lines is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## *TYPICALITY*

42. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *PROTECTING THE INTERESTS OF THE CLASS MEMBERS*

43. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## *SUPERIORITY*

44. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of an individual Class members prosecuting their own separate claim is remote, and even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

45. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## *COUNT I*
## **VIOLATION OF FLORIDA'S ELECTRONIC MAIL COMMUNICATIONS ACT**
*(On Behalf of Plaintiff and the Class)*

46. Plaintiff re-alleges and incorporates paragraphs 1-46 as if fully set forth herein.

47. Defendant initiated the transmission of unsolicited commercial electronic mail messages to a computer located in this state, and said e-mail contained false or misleading

PAGE | **8** of 11

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information in the subject line. Moreover, Defendant also failed to secure affirmative or implied consent to transmit the Unsolicited E-mail to Plaintiff and members of the Class.

48. Here, the Unsolicited E-mail constitutes an unsolicited commercial electronic mail message under FEMCA because [1] the Unsolicited E-mail was sent to promote the sale or lease of, or investment in, property, goods, or services related to any trade or commerce; and [2] the Unsolicited E-mail was sent without Plaintiff's affirmative or implied consent.

49. As for the false and/or otherwise misleading nature of the Unsolicited E-mail, the subject line of the Unsolicited E-mail caused Plaintiff to reasonably believe that Plaintiff could enjoy *conjunctive* benefits. Yet, upon opening and reviewing the content of the Unsolicited E-mail, it was revealed to Plaintiff that the subject line of the Unsolicited E-mail was false and otherwise misleading, as the body of the Unsolicited E-mail limits Plaintiff to *disjunctive* benefits. Even further, the body of the Unsolicited E-mail limits Plaintiff to "up to" $750 to spend onboard, rather than the "up to" $1,100 claimed by the Unsolicited E-mails subject line. Accordingly, the subject line of the Unsolicited E-mail contained false or misleading information in the subject line.

50. As for the false and/or otherwise misleading nature of the Unsolicited E-mail, the subject line of the Unsolicited E-mail stated: "**1-Day Exclusive Royal Sale! Up to $1,100 to Spend on Board** + **Hundreds in Discounts**;" however, inside the Unsolicited E-mail it was stated that the true offer was: "**1,000 Cash Back or up to $750 to Spend Onboard**." *See* Exhibit A.

51. Defendant's unsolicited e-mail caused Plaintiff actual harm, including lost productivity and resources, annoyance, and consumption of valuable digital storage space. For example, the Unsolicited E-mail took up approximately 75 Kilobytes of space on Plaintiff's e-mail inbox. The cumulative effect of unsolicited spam e-mails, such as the Unsolicited E-mail, poses a real risk of ultimately rendering a consumer's e-mail inbox unusable and/or requiring the consumer

PAGE | **9** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to pay for additional space.

52. Defendant's conduct undermined the integrity of electronic commerce in this state and throughout the United States.

53. Plaintiff and members of the Class are therefore entitled to an injunction to prohibit Defendant from further harming consumers, liquidated damages of $500 for each unsolicited commercial electronic mail message sent by Defendant to Plaintiff and members of the Class, as well as attorney's fees and costs.

54. WHEREFORE, Plaintiff, individually and on behalf of the Class members, prays for the following relief:

(a) A declaration that Defendant's practices described herein violate Florida's Electronic Mail Communications Act;

(b) An injunction to enjoin future violations of Florida's Electronic Mail Communications Act;

(c) Liquidated damages of $500 for each unsolicited commercial electronic mail message sent to Plaintiff and members of the Class;

(d) Attorney's fees and other litigation costs reasonably incurred in connection with this action; and

(e) Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

55. Plaintiff hereby demand a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

56. Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization associated with e-mails alleged herein.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: January 9, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Respectfully Submitted,

 /s/ Thomas J. Patti                                   .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377