IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMY BETIT, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>WORLD TRAVEL HOLDINGS, INC.,<br><br>   Defendant. | Case No. 19-62394-CIV-DIMITROULEAS |

**DEFENDANT'S RENEWED MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and S.D. Fla. Local Rule 7.1, defendant World Travel Holdings, Inc. ("WTH"), moves to dismiss the First Amended Class Action Complaint [DE - 7] filed by plaintiff Amy Betit ("Plaintiff" or "Betit"). The Complaint should be dismissed because it is defective as a matter of fact and law and raises a meritless claim. WTH previously moved to dismiss Plaintiff's original Class Action Complaint [DE - 1] and served Plaintiff with a notice of a potential sanctions motion pursuant to Federal Rule of Civil Procedure 11. Apparently recognizing the obvious deficiencies in the original complaint, Betit chose to amend and the initial motion to dismiss was denied as moot. [DE - 8]. But although Plaintiff now attaches and accurately quotes select portions of the email at issue, the Complaint is still fatally defective and should be dismissed.

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

Although Betit has managed to alter the allegations in the Complaint and provide more detail, she cannot change the contents of the email at issue — that is a fundamental truth in this

case. The content of that email is neither false nor misleading. Accordingly, Betit's claim is without merit and should be dismissed under Rule 12.

## II. RELEVANT BACKGROUND

Betit's case turns on her alleged receipt of a single email from WTH on September 24, 2019. (DE – 8; Compl., ¶ 22, Exh. A).[1] The email contained the following subject line: "1-Day Exclusive Royal Sale! Up to $1,100 to Spend on Board + Hundreds in Discounts." (*Id.*). But plaintiff claims that "the body of the [email] limits Plaintiff to disjunctive benefits, i.e., '$1,000 Cash Back' or 'up to $750 to Spend Onboard.'" (Compl., ¶ 30). Plaintiff further complains that although the subject line provides for "[u]p to $1,100 to Spend on Board," the body of the email limited Betit's offer to "up to $750 to Spend Onboard." (Compl., ¶ 31). Thus, Plaintiff alleges that the email is false and misleading. (Compl., ¶ 33).

But Plaintiff's interpretation is based on a review of only pieces of the email content, not the entire email (this explains, tellingly, why Plaintiff did not attach the email to her original complaint). The full text of the email reveals that WTH has offered:

- "HUGE Bonuses Only Found Here, Including up to $350 EXTRA Onboard Spending"

- "Choose up to $1,000 Cash Back, or up to $750 to Spend Onboard"

- "Up to $100 in Instant Savings"

- "EXCLUSIVE: Limited Time Reduced Rates"

- "Exclusive: FREE Specialty Dinner for 2"

---

[1] Notably, Plaintiff alleges that the email was sent without her consent. (Compl., ¶ 24). WTH has definitive proof that, in reality, Plaintiff opted in to receiving emails from WTH, which is case dispositive. WTH has shared that information with Plaintiff's counsel and will pursue relief under Rule 11 if Plaintiff does not voluntarily dismiss this case. But WTH has filed this motion out of an abundance of caution because Plaintiff's claim fails under Rule 12 as well.

2

Thus, the email offers $750 to spend on board *plus* an extra $350 in onboard spending, which would add up to "$1,100 to Spend on Board." The email also offers "hundreds in discounts" via the instant savings, reduced rates and free dinner offers.

Based upon this entirely innocuous email, Plaintiff has filed this putative class action lawsuit under the Florida's Electronic Mail Communications Act, Fla. Stat. §§ 668.601-668.610 ("FEMCA"), claiming that the email is false and misleading. The email, however, is clearly neither false nor misleading and Plaintiff's complaint should be dismissed.

### III. ARGUMENT

#### A. Legal standard

Under Rule 12(b)(6), a court must dismiss a complaint if it does not plead sufficient facts to state a claim upon which relief may be granted. The Complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although it is true that the Court must accept the allegations in the Complaint as true and draw all reasonable inferences in favor of the nonmoving party, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 570). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

#### B. The email at issue is neither "false nor misleading."

The email could not be clearer: The subject line of the email offers "up to $1,100 to Spend on Board." The body of the email then offers "$750 to Spend Onboard" and "up to $350 EXTRA Onboard Spending." Simple math shows that $750 plus $350 equals $1,100. The

3

subject line also offers "hundreds in discounts," which are available through the instant savings, reduced rates and free dinner offers set forth in the email.  Thus, the subject line of the email matches exactly with what is in the body of the email.  Plaintiff's nonsensical argument that the subject line suggests "conjunctive" benefits but the body of the email provides only "disjunctive" benefits" (Compl., ¶ 32) is completely without merit because it disregards entirely the language about "$350 EXTRA Onboard Spending," reduced rates, and free specialty dinners.  The email, just like the subject line, provides for conjunctive benefits.

Betit's claim that a misleading subject line "induced Plaintiff to open and view the [email]" (Compl., ¶ 28), resulting in harm to Betit, is facially absurd.  No objectively reasonable person who was enticed by that subject line would be disappointed with the contents of the email, nor could she conclude that the subject line was inconsistent with the body of the email.  Presumably recognizing that the Complaint was not well-grounded in fact, Plaintiff sought to manipulate the facts by quoting selectively from the email in the Complaint, but Exhibit A to the Complaint must guide the Court's analysis.

Betit's claim also is facially deficient as a matter of law.  Plaintiff purports to bring this lawsuit under Fla. Stat. § 668.603(1)(c), which makes it unlawful to "[i]nitiate or assist in the transmission of an unsolicited commercial electronic mail message . . . which . . . [c]ontains false or misleading information in the subject line."[2]  The terms "false or misleading" are not defined under the statute, and there is very little case law interpreting the FEMCA.  Federal courts in Florida, however, have routinely interpreted the terms "false and misleading" under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), equating them in the advertising

---

[2] It is by no means clear that the FEMCA even provides a private right of action for the relief sought by Betit, but WTH acknowledges that this issue (unlike the truth of the subject line in the email at issue) is subject to interpretation and disagreement.

4

context with the standards for false advertising under the Lanham Act, 15 U.S.C. § 1125. *See Suntree Technologies, Inc. v. EcoSense Intern., Inc.*, 802 F. Supp. 2d 1273, 1287 (M.D. Fla. 2011); *Intertape Polymer Corp. v. Inspired Technologies, Inc.*, 725 F. Supp. 2d 1319, 1332-3 (M.D. Fla. 2010). An advertisement is "false" if it is literally false; an advertisement is "misleading" if it may literally be true (or is ambiguous) but implicitly conveys a false impression, is misleading in context, or is likely to deceive consumers. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1261 (11th Cir. 2004). If an advertisement is not literally false, then the plaintiff must demonstrate that consumers were actually deceived. *Johnson & Johnson Vision Care, Inc. v. 1–800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002). When determining whether a statement is literally false or misleading, "courts must analyze the message conveyed in full context," and "must view the face of the statement in its entirety." *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1308 (11th Cir. 2010) (internal quotations omitted).

      Here, there can be no doubt that the subject line in the email is literally true. The subject line offers up to $1,100 and the body text in the email offers $1,100 (and more). Any argument that the subject line is not literally true fails the Rule 12 plausibility standard.

      An argument that the subject line of the email is misleading fares no better. In evaluating the offer of "[u]p to $1,100 to Spend on Board," the Court must analyze the message in its full context (not the partial statements of fact provided in the Complaint) and evaluate whether Betit could plausibly allege that any consumer was actually deceived. The email makes clear that by taking "up to $750 to Spend Onboard" plus "HUGE Bonuses Only Found Here, Including up to $350 EXTRA Onboard Spending." Plaintiff may argue that the separate references to on board spending, bonuses, cash back, and instant savings caused confusion and ultimately misled Betit,

but taking the entire email in context, it is objectively unreasonable to conclude that anyone would be misled by the subject line. This is not a scenario where there was a bait-and-switch — the subject line of the email indicated that the recipient could learn about significant cruise savings and an offer for up to $1,100 to spend on board the ship, and that is precisely the type of information the email contained.

Accordingly, Betit's claim that the subject line was "false or misleading" fails to state a claim and should be dismissed under Rule 12.

## IV.  CONCLUSION

For the reasons discussed herein, this Court should find that the Complaint in this action fails to state a cause of action and dismiss the Complaint.


Dated:   January 23, 2020                By:  */s/ Dana J. McElroy*

                                  Dana J. McElroy
                                  dmcelroy@tlolawfirm.com
                                  THOMAS & LOCICERO PL
                                  915 Middle River Drive, Suite 309
                                  Ft. Lauderdale, Florida 33304
                                  Tel: 954.703.3416
                                  Fax: 954.400.5415

                                  Thomas R. Dee (*pro hac vice* motion forthcoming)
                                  tdee@vedderprice.com
                                  Bryan K. Clark  (*pro hac vice* motion forthcoming)
                                  bclark@vedderprice.com
                                  VEDDER PRICE P.C.
                                  222 North LaSalle Street
                                  Chicago, Illinois 60601
                                  Tel: 312.609.7810
                                  Fax: 312.609.5005

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of January, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: */s/ Dana J. McElroy*
Attorney